uary, 1804, the law of Maryland was passed to discharge Roberts as an insolvent debtor. On the 27th January, 1804, the scire facias issued against the bail, returnable to July term, 1804, and was returned scire feci. In May, 1804, Roberts was discharged by the chancellor of Maryland.

Mr. Jones, for the defendant. The motion to the court is in lieu of an audita querela, and the court will decide upon equitable principles, and enter an exoneretur, nunc pro tunc. Humphry v. Leite, 4 Burrows, 2107. In Dodson v. King, Carth. 515, in debt against bail, upon their recognizance, they were relieved by having surrendered the principal, after non est returned on a ca. sa. against him, and before the return of the latitat upon which they were arrested. Bail has a right to bring in the principal on the return of the first scire facias executed or the second returned nihil; and although it is ex gratia, yet it has become a rule, and a right. If the principal be released under the bankrupt law of England, before the bail is fixed, an exoneretur will be entered. Cowp. 823; 1 Term R. 624. Bail cannot plead discharge of the principal, to a scire facias, but may show it on motion, in lieu of a surrender of the body. But the death of the principal, after return of ca. sa. against him, will not discharge the bail. Parry v. Berry, 2 Ld. Raym. 1452. In the case of Woolley v. Cobbe, 1 Burrows, 244, the final discharge was not obtained until execution against the bail. So in the case of Walker v. Giblett, 2 W. Bl. 811. In Donnelly v. Dunn, 1 Bos. & P. 448, and 2 Bos. & P. 47, the bail had no right to surrender, when the discharge was obtained, which differs that case from the present. The application is to the equity of the court, and is the customary mode adopted in lieu of bringing in the principal. Martin v. O'Hara, Cowp. 823.

The court will only exonerate where the bail have a right to discharge themselves by surrender. Southcote v. Braithwaite, 1 Term R. 624. But here the principal was discharged and the bail had a right to surrender him at the return of the scire facias.

THE COURT stopped Mr. Key, contra, and said that although the practice has made it law, yet it is still ex gratia, for the rule is well established that if the principal die after ca. sa. returned non est and before scire facias against the bail, yet the bail is fixed. Here the bail was fixed, and although he might surrender the principal at the first term upon the return of the scire facias, (and perhaps at that term the court might have entered an exoneretur while it was in the power of the bail to surrender,) yet the bail having neither surrendered the principal nor produced his certificate of discharge at that term, the application is now too late, this being the third term after the return of the scire facias.

The motion was overruled.

## Case No. 1,754.

### BOYER v. ROBERTS.

[1 Cranch, C. C. 73.][3]

Circuit Court, District of Columbia. March Term, 1802.

TRIAL—AT FIRST TERM—BY CONSENT.

No civil cause is to be tried, except by consent, unless it has stood one term at issue.

The plea was filed at the last term, but the issue was not made up until the present term.

Mr. Woodward, for the plaintiff, contended that he was entitled to a trial at this term, and cited the act of Maryland of 1763.

Mr. Peacock, for the defendant, moved for a continuance on the rule of the court, that no cause should be forced to trial unless it had stood one term at issue; and on that ground the cause was continued.

BOYER (SHEEPSHANKS v.). See Case No. 12,741.

BOYER (STUART v.). See Case No. 13,553.

BOYER (UNITED STATES v.). See Case No. 14,633.

## Case No. 1,755.

### BOYER v. The WISCONSIN.

[See Case No. 6,317.]

## Case No. 1,756.

### BOYER v. The WISCONSIN and The HECTOR.

[23 Betts, D. C. MS. 123; 46 Fed. 864.][1]

District Court, S. D. New York. Feb. Term, 1857.[2]

COLLISION—TOW AND LIGHTER—LIABILITY OF TUG —OF TOW—DAMAGES.

[1. A partially loaded lighter propelled by oars, while moving on slack water at beginning of ebb tide, at a rate of one mile an hour or less, and proceeding to a pier, was met by a tow consisting of a ship lashed to the side of a tug which was making for the same pier. Warning sufficient to have enabled the tow to avoid the disaster was given by the lighter. *Held*, that the tow was liable for the injuries sustained by the lighter.]

[See The Hector, Case No. 6,317.]

[2. A ship towed by a steamer lashed to her side is chargeable for injuries occasioned by her striking, while under way, another vessel.]

[See The Hector, Case No. 6,317; The Carolus, Id. 2,424.]

[3. It appeared that the ship's company had sole charge of her helm and sails, and that directions for the concurrent navigation of both vessels were given by the master of the tug, the

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [46 Fed. 864, contains only a partial report.]

[2] [Affirmed by circuit court as to The Hector, and reversed as to The Wisconsin, in The Hector, Case No. 6,317, and by supreme court in Sturgis v. Boyer, 24 How. (65 U. S.) 110.]